UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADEL GRAGEOLA,<br><br>      Plaintiff,<br><br>  v.<br><br>WALMART ASSOCIATES, INC., *et al*.,<br><br>      Defendants. | Case No. 5:23-cv-02210-FLA (SHKx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT 10] AND DISCHARGING ORDER TO SHOW CAUSE [DKT. 23]** |

## **RULING**

Before the court is Plaintiff Madel Grageola's ("Plaintiff" or "Grageola") Motion to Remand ("Motion"). Dkt. 10 ("Mot."); Dkt. 10-1 ("Mot. Br."). Defendants Wal-Mart Associates, Inc. and Walmart Inc. (collectively, the "Walmart Defendants") oppose the Motion. Dkt. 14 ("Opp'n"). On January 4, 2024, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for January 5, 2024. Dkt. 22; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court DENIES the Motion in its entirety and DISMISSES Defendant Briana Gonzalez ("Gonzalez") from the action as a sham defendant. The July 25, 2024 Order to Show Cause ("OSC," Dkt. 23) is DISCHARGED.

## BACKGROUND

Plaintiff pleads the following facts in the Complaint. Dkt. 1-1 ("Compl.").[1] Plaintiff was employed by Defendants as a warehouse worker, beginning in or around March 2019. *Id.* ¶ 8. In March 2021, Plaintiff suffered a workplace injury, which required care and medical treatment. *Id*. Plaintiff returned to work on an unspecified date with medical restrictions, including weight-lifting restrictions, and was placed in a modified position. *Id.* According to Plaintiff, she subsequently received "performance write-ups and discipline at work" from her supervisors and managers, Gonzalez, Alex Doe, and Rebecca Doe, including "discipline related to the accident when the other party involved in the incident was not disciplined." *Id.* Plaintiff further alleges she was told incorrect reporting times for work and lunch breaks by her "supervisor/trainer," which led to disciplinary actions and her termination. *Id.*

On August 8, 2023, Plaintiff filed the Complaint in Riverside County Superior Court asserting nine causes of action for: (1) discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940; (2) harassment in violation of FEHA; (3) retaliation in violation of FEHA; (4) failure to prevent discrimination, harassment, or retaliation in violation of FEHA; (5) failure to accommodate in violation of FEHA; (6) failure to engage in a good faith interactive process in violation of FEHA; (7) wrongful termination in violation of California public policy; (8) breach of oral/implied contract; and (9) intentional infliction of severe emotional distress. *Id.* ¶¶ 14–80.[2]

Plaintiff asserts all causes of action against the Walmart Defendants, and additionally asserts the second and ninth causes of action against Defendants

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers listed natively.

[2] Although the caption of the Complaint also lists a cause of action for violation of the California Family Rights Act, Cal. Gov't Code § 12945.2 (Compl. at 1), Plaintiff did not plead such a cause of action in the body of the Complaint.

1  Gonzalez, Alex Doe, and Rebecca Doe. *Id.* On October 27, 2023, the Walmart
2  Defendants removed the action to this court, invoking this court's diversity
3  jurisdiction under 28 U.S.C. § 1332 ("§ 1332"). Dkt. 1 ("NOR") at 2.
4      On November 27, 2023, Plaintiff filed the subject Motion, requesting the court
5  remand the action for lack of subject matter jurisdiction. Mot. at 2; Mot. Br.

## DISCUSSION

### I. Legal Standard

A defendant may remove an action from state court to federal court if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441(a). A district court has original diversity jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between "citizens of different States." 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, "a corporation [is] deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (citing 28 U.S.C. § 1332(c)(1)) (italics omitted). A corporation's "principal place of business" is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," and is also referred to as the corporation's "nerve center." *Id.* at 80–81.

Diversity jurisdiction under § 1332 "requir[es] complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553 (2005). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). "There are two ways to establish fraudulent joinder: (1) actual fraud in the

3

pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quotation marks and citation omitted). "Fraudulent joinder is established the second way if a defendant shows that an individual joined in the action cannot be liable on any theory." *Id.* (quotation marks, citation, and brackets omitted).

"[R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). It is not enough for a defendant to show that a plaintiff is unlikely to prevail on her claim; "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants, the federal court must find that the joinder was proper and remand the case to the state court." *GranCare*, 889 F.3d at 548 (emphasis in original, quotation marks and citation omitted). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." *Id.* (quotation marks and brackets omitted).

## II.    Analysis

Plaintiff contends the Walmart Defendants have failed to establish the court has diversity jurisdiction over this action. *See* Mot. at 2. As Plaintiff and Defendants do not dispute the amount in controversy exceeds $75,000 (Dkt. 17 at 2; Dkt. 15 at 12–15), the court will address only the parties' arguments regarding complete diversity.

The Walmart Defendants contend complete diversity exists here because Plaintiff is a citizen of California, whereas: (1) the Walmart Defendants are Delaware corporations with their principal places of business in Arkansas; (2) the citizenship of the Doe Defendants should be disregarded pursuant to *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998); and (3) Gonzalez is a "sham defendant" whose citizenship should be disregarded under the doctrine of fraudulent joinder. NOR at 4–6; Opp'n at 4–5. Plaintiff did not file a reply and does not dispute the Walmart Defendants' arguments regarding their citizenship and that of the Doe Defendants.

4

1    *See* Mot.; Mot. Br.  The court, therefore, will address only the parties' arguments
2    regarding Gonzalez and fraudulent joinder.
3         The Walmart Defendants contend Gonzalez is not a proper defendant in the
4    action, and that Plaintiff has failed to plead facts sufficient to state cognizable claims
5    against this Defendant.  Opp'n at 4.  The Walmart Defendants note Plaintiff has not
6    pleaded any facts regarding Gonzalez, aside from that, after Plaintiff was injured, she
7    "[began] receiving performance write ups and discipline at work from her supervisors
8    and managers," including Gonzalez, and that "Plaintiff was told by her
9    supervisor/trainer incorrect reporting time for work and for lunch breaks causing
10   disciplinary actions and her termination."  *Id.* at 6–8 (quoting Compl. ¶ 8).  According
11   to the Walmart Defendants, Plaintiff has not pleaded and cannot plead specific facts
12   regarding conduct by Gonzalez sufficient to constitute harassment under FEHA (*id.* at
13   7–9) or that was "so extreme and outrageous as to go beyond all possible bounds of
14   decency, and to be regarded as atrocious, and utterly intolerable in a civilized society,"
15   as required to support a claim for intentional infliction of emotional distress (*id.* at 6).
16        Plaintiff did not file a reply or otherwise respond to this argument.
17   Accordingly, the court ordered Plaintiff to show cause whether Plaintiff could plead
18   sufficient facts to state the second and ninth causes of action against Gonzalez.  Dkt.
19   23 at 3–4.  In her response to the OSC, Plaintiff does not state any facts regarding
20   conduct by Gonzalez—let alone conduct sufficient to constitute harassment or
21   intentional infliction of emotional distress.  *See* Dkt. 26.  Plaintiff, thus, fails to
22   establish there is any possibility she can state the second or ninth causes of action
23   against Gonzalez.
24        Accordingly, the court DISREGARDS Gonzalez's citizenship, in determining
25   whether there is complete diversity and DISMISSES Gonzalez from the action as a
26   sham Defendant.  As the Walmart Defendants are completely diverse from Plaintiff
27   and the citizenship of the individual Doe Defendants must be disregarded, diversity
28   jurisdiction exists under § 1332.  Having found that the action was properly removed

5

on this basis, the court need not address the parties' remaining arguments.

## CONCLUSION

For the foregoing reasons, the court DISMISSES Defendant Gonzalez from the action as a fraudulently joined sham defendant and DENIES Plaintiff's Motion to Remand (Dkt. 10).  The July 25, 2024 OSC (Dkt. 23) is DISCHARGED.

IT IS SO ORDERED.

Dated: August 19, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge